IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROY ALBURN PECK JR.,

    Petitioner,                      No. CIV S-06-1199 DFL DAD P

    vs.

JIM TILTON, et al.,                  ORDER AND

    Respondents.               FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus and an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

        Examination of petitioner's in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

        Upon the filing of a federal habeas petition, the court must examine the petition to determine whether the respondents should be ordered to file an answer, motion, or other response. Rule 4, Rules Governing § 2254 Cases. The undersigned has examined petitioner's habeas petition and finds that it suffers from several defects.

        First, petitioner has not named the proper respondent. Petitioner is confined in Avenal State Prison but has named as respondent the acting director of the California Department

1

1  of Corrections and Rehabilitation.  "A petitioner for habeas corpus relief must name the state
2  officer having custody of him or her as the respondent to the petition." Stanley v. California
3  Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994) (citing Rule 2(a), Rules Governing § 2254
4  Cases).  "This person typically is the warden of the facility in which the petitioner is
5  incarcerated." Id. (citing Brittingham v. United States, 982 F.2d 378, 379 (9th Cir. 1992)).  The
6  correct respondent in this case is the warden of Avenal State Prison.

7  Second, the petition before the court does not present a federal claim.  Petitioner's
8  sole ground for relief is that failure to register is not or should not be a "strikeable" offense.  A
9  federal writ of habeas corpus is available under 28 U.S.C. § 2254 "only on the basis of some
10  transgression of federal law binding on the state courts." Middleton v. Cupp, 768 F.2d 1083,
11  1085 (9th Cir. 1985) (citing Engle v. Isaac, 456 U.S. 107, 119 (1982)).  A federal writ is not
12  available for errors in the interpretation or application of state law. Estelle v. McGuire, 502 U.S.
13  62, 67-68 (1991); Givens v. Housewright, 786 F.2d 1378, 1381 (9th Cir. 1986).  Federal habeas
14  corpus relief is not available for state sentencing errors absent a violation of federal law or action
15  so fundamentally unfair as to constitute a due process violation. See Christian v. Rhode, 41 F.3d
16  461, 469 (9th Cir. 1994) ("Absent a showing of fundamental unfairness, a state court's
17  misapplication of its own sentencing laws does not justify federal habeas relief."); Miller v.
18  Vasquez, 868 F.2d 1116, 1118-19 (9th Cir. 1989) (California sentence enhancement provisions
19  involve questions of state law not subject to federal habeas corpus review); Kennick v. Superior
20  Court, 736 F.2d 1277, 1280 (9th Cir. 1984) (a mistake of state law does not constitute a due
21  process violation absent arbitrary or discriminatory action).  Petitioner does not assert that the
22  state's characterization of his offense violates federal law or rises to the level of federal
23  constitutional significance.  Because petitioner's claim involves only the interpretation and
24  application of state law, his petition fails to state a cognizable federal claim.

25  Third, petitioner's application for a federal writ of habeas corpus appears to be
26  barred by the statute of limitations.  Petitioner challenges a Shasta County conviction.  In

1  December 2003, he entered a plea of guilty to a charge of failure to register.  On an unspecified
2  date in February 2004, he was sentenced to a six-year term of imprisonment.  Petitioner alleges
3  that he did not appeal from the judgment of conviction and did not file any petitions,
4  applications, or motions with respect to the judgment except for a habeas petition filed in the
5  California Supreme Court on April 11, 2005, and denied on March 15, 2006.  Petitioner has
6  attached to his federal habeas petition copies of his state habeas petition and the order denying it.
7  The petition bears a signature date of April 3, 2005.  Petitioner's federal habeas petition bears a
8  signature date of May 29, 2006, and was received for filing on June 2, 2006.

The applicable statute of limitations provides as follows:

> (d) (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Petitioner has not indicated the exact date in February 2004 on which he was sentenced and judgment was entered.  However, if petitioner was sentenced on the last day of

February 2004 (a leap year), his judgment would have become final by expiration of the time for seeking review on April 29, 2004. See Rule 31, Cal. Rules of Court (providing that a notice of appeal must be filed within sixty days of judgment). The undersigned will assume for the sake of argument that judgment was entered on February 29, 2004, and the one-year statute of limitations began to run sixty days later, on April 30, 2004. The statute ran without interruption until petitioner filed a state habeas petition in the California Supreme Court, thereby stopping the running of the statute. If petitioner placed his state habeas petition in the mail on April 3, 2005, i.e., the date on which he signed the petition, no more than 27 days remained of the one-year period of limitation. The California Supreme Court's denial of the petition was final on March 15, 2006. See Rule 29.4(b)(2)(C), Cal. Rules of Court (providing that the California Supreme Court's denial of a habeas petition without issuance of an alternative writ or order to show cause is final upon filing). The statute of limitations resumed running on March 16, 2006, and expired on April 11, 2006, at the latest. The federal habeas petition dated May 29, 2006, was filed at least 48 days after the statute of limitations expired and is therefore time-barred.

      The undersigned will recommend summary dismissal of petitioner's federal habeas petition on the grounds that the application is time barred and fails to present a federal claim. See Rule 4, Rules Governing § 2254 Cases; Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990) ("The district court may enter an order for the summary dismissal of a habeas petition '[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . .'"). In light of this recommendation, petitioner's request for appointment of counsel will be denied.

      Accordingly, IT IS HEREBY ORDERED that:

      1. Petitioner's June 2, 2006 application to proceed in forma pauperis is granted;

      2. Petitioner's request for appointment of counsel is denied;

/////

/////

3. The Clerk of the Court shall serve a copy of this order and findings and recommendations, together with a copy of the habeas petition filed June 2, 2006, upon the Attorney General of the State of California; and

IT IS RECOMMENDED that petitioner's application for a writ of habeas corpus be dismissed with prejudice on the grounds that it is barred by the statute of limitations and fails to state a cognizable federal claim.

These findings and recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, petitioner may file written objections with the court.  A document containing objections should be titled "Objections to Findings and Recommendations."  Petitioner is advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 8, 2006.

/s/ Dale A. Drozd
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:13
peck1199.156